MATTER OF RANGEL-CANTU

In Exclusion Proceedings

A-8393859

*Decided by Board February 2, 1967*

Right of appeal lies with the Service from a decision of a special inquiry officer on a motion to reopen an exclusion proceeding.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No valid immigrant visa.

ON BEHALF OF APPLICANT:
Carlos Castillon, Esquire
Laredo National Bank Bldg.
Laredo, Texas 78040

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The special inquiry officer certified his order reopening exclusion proceedings which had terminated in an order of exclusion on December 7, 1964. The Service contends that the special inquiry officer was without the power to reopen the case.

Applicant, a 42-year-old married male, a native and citizen of Mexico, who was admitted for permanent residence on November 6, 1952 and either resided in the United States or was a commuter until 1962 when he was injured and returned to Mexico to recuperate. He was excluded in May 1964 when he applied to reenter. He took no appeal.

On August 25, 1966 the applicant secured an attorney and filed a motion for reopening of his application for admission as a returning lawful resident. It is his purpose at the reopened hearing to establish that he had been physically disabled during the period of his absence and that he was now physically able and willing to seek reemployment in the United States.

The motion was opposed by the trial attorney on the ground that the applicant's exclusion could not be reconsidered because he had failed to show a gross miscarriage of justice or a deprivation of due process. By later brief and at oral argument the Service contended that the special inquiry officer did not have the authority to open an

73

exclusion proceeding after a final order of exclusion and deportation had been executed.

On October 13, 1966 the special inquiry officer ordered proceedings reopened. He ruled that he had the authority to reopen the exclusion proceeding without finding that there had been a gross miscarrage of justice. He pointed out that since an alien unlawfully in the United States could file a motion to reopen after he had been ordered deported it would be inequitable if a lawful resident seeking to return in a lawful manner could not file such a motion after he had been excluded. He believes that the delegation of the Attorney General's authority to conduct exclusion and expulsion proceedings which was made to the special inquiry officer (8 CFR 103.1(a)) gives him the power to reopen an exclusion proceeding as well as an expulsion proceeding.

We do not think the administrative authorities lose the right to reopen an exclusion case because of the passage of time (see 9 F.R. 5767 (1944)). The passage of time is only one factor which must be considered in deciding whether a case should be reopened. We need not go into this further because in the instant case, a simple method of obtaining a reconsideration of the exclusion proceeding exists. The applicant may make a new application for admission.

The Service asks for a ruling on the special inquiry officer's holding that the Service has no appeal from his decision reopening the exclusion proceeding. Regulations must be read to afford fair, simple, and speedy methods for doing the work assigned by law. In an exclusion case, it is the responsibility of the District Director, through an appeal, to present his opinion that an applicant for admission should be excluded. To deny the Service an appeal on a motion to reopen an exclusion proceeding could mean that the proceeding could be held for reasons and purposes the Board would not sustain on the Service appeal. A review of the special inquiry officer's decision on a motion to reopen, permitting the Service to present its point of view, could thus avoid delay, work, and expense to both the applicant and the Service. We conclude that the Service has the right to appeal a special inquiry officer's order on a motion to reopen an exclusion case.

ORDER: It is ordered that the special inquiry officer's order reopening proceedings be and the same is hereby withdrawn.

*It is further ordered* that the applicant's motion for reopening of proceedings be and the same is hereby denied without prejudice to his reapplication for admission.