MATTER OF WONG

In Deportation Proceedings

A-15878180

*Decided by Board May 2, 1969*

(1) The Board of Immigration Appeals has no jurisdiction to extend the time for voluntary departure, such authority being vested in the District Director (8 CFR 244.2).

(2) Motion to reopen deportation proceedings to permit application for an extension of voluntary departure time is denied where such motion does not recite any new facts, the motion fails to set forth prior judicial litigation in the case in compliance with 8 CFR 3.8, and the alien, after admission as a crewman, has remained unlawfully in the United States, an order of deportation having been outstanding more than three and one-half years, during which time his justified deportation has been delayed by numerous administrative and judicial reviews, the latest being March 1969.

DEPORTABLE: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Admitted as nonimmigrant crewman under section 101(a)(15).

The respondent, a native of China and a citizen of the Republic of China on Formosa, moves for a reopening of the deportation proceeding to permit application for an extension of time within which to depart voluntarily. The motion alleges that the respondent is employed as a "specialty cook" and that his employer has agreed to submit in his behalf a visa petition for sixth preference classification.

The respondent last entered the United States as a nonimmigrant crewman on May 5, 1965. Deportation proceedings have been pending since the issuance of an order to show cause on October 4, 1965. The original decision of the special inquiry officer, dated October 5, 1965, found the respondent deportable but granted him voluntary departure in lieu of deportation. When the respondent failed to depart as required, a warrant of deportation was issued on August 26, 1966 and is outstanding. During the

more than three and a half years which have intervened since the issuance of the order to show cause, the case has been before this Board on two occasions and before the federal courts in New York on three occasions.[1]

The motion now before us has been submitted by counsel other than the one who originally represented the respondent before this Board and during his litigation before the courts. Present counsel entered his appearance on April 23, 1969. His motion seeks a reopening of the proceeding to permit application for an extension of time within which to depart voluntarily. The authority to extend the time within which to depart voluntarily is within the sole jurisdiction of the District Director (8 CFR 244.2). Furthermore, according to the record before us, the privilege of voluntary departure is no longer available to the respondent as a warrant of deportation has been outstanding since August of 1966. Counsel's motion does not recite any new facts which warrant our reopening the proceedings (8 CFR 3.8).

The record in this case has another aspect in addition to the fact that this Board has no jurisdiction to extend the time for voluntary departure. We note that counsel, an experienced immigration lawyer, who has recently entered the case, has overlooked the provisions of 8 CFR 3.8, the pertinent part of which reads:

Motions to reopen or reconsider shall state whether the validity of the deportation order has been or is the subject of any judicial proceeding and, if so, the nature and date thereof, the court in which such proceeding took place or is pending, and its result or status.

The motion submitted by counsel makes no reference to prior litigation in the respondent's case notwithstanding the fact that the respondent challenged this Board's decision of April 26, 1968, by a petition filed in the Court of Appeals for the Second Circuit in May of 1968. The Court of Appeals dismissed the petition on March 7, 1969 and directed that its mandate issue *forthwith* so that the respondent may "be deported to Hong Kong without further delay," *Wong Kam Cheung* v. *INS* (*supra*[1]).

We call counsel's attention to this provision of the regulations because the respondent's original counsel of record also failed to mention prior litigation in a motion considered by this Board on appeal in February of 1968. This fact caused the Board to enter an order overruling the special inquiry officer, which we withdrew on our own motion on February 23, 1968, when it was

[1] See *Wong Kam Cheung* v. *Esperdy*, 66 Civ. 3969 (S.D.N.Y., unreported); *Wong Kam Cheung* v. *Esperdy*, 274F. Supp. 485 (S.D.N.Y., 1967); *Wong Kam Cheung* v. *INS*, 408 F.2d 35, Docket No. 32346 (2 Cir., March 7, 1969).

brought to our attention that the United States District Court for the Southern District of New York had ruled adversely on the same issue then before the Board on appeal. 274 F. Supp. 485.

The failure of counsel now of record to refer to prior litigation has additional significance in light of the decision by the Court of Appeals for the Second Circuit as recently as March 7, 1969. The court in its decision referred to the fact that this Board had withdrawn its decision of February 9, 1968 because of the failure of alien's counsel "to advise the Board that the respondent [alien] had been in court in this case." The court also referred to the "many previous attempts at delay and the frivolous reasons advanced for the belated motion to withdraw [the order deporting the respondent to Hong Kong]."

We realize the counsel now of record has the obligation to apply for any administrative relief for which he believes his client may be eligible. This case, however, is a prime example of the type of litigation referred to in House Report No. 1086, supporting the enactment of Public Law 87–301, which created a separate statutory form of judicial review for deportation and exclusion cases. The Committee on the Judiciary stated that it had been disturbed in recent years by the "growing frequency" of judicial actions instituted by aliens whose cases "have no legal basis or merit" and are brought solely for the purpose of "preventing or delaying indefinitely their deportation from this country." [2]

The respondent has now resided unlawfully in the United States for four years. During this time, he has resorted to numerous administrative and judicial reviews for the sole purpose of delaying his justified deportation as an alien crewman who remained in the United States beyond the time for which he was admitted. He is now detained pending completion of travel arrangements for his deportation to Hong Kong. Assuming that present counsel is familiar with both the administrative and judicial reviews that preceded his representation of the respondent, we can only conclude that the motion now before us was brought solely for the purpose of further delay. Under the circumstances, we will deny the motion.

ORDER: It is directed that the motion be and the same is hereby denied.

---

[2] See page 2967, volume 2, U.S. Code Cong. and Admin. News, 1961.