**Carlota LA MADRID–PERAZA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 72–1817.**

United States Court of Appeals, Ninth Circuit.

Feb. 6, 1974.

David C. Marcus, Los Angeles, Cal., for petitioner.

Stephen Suffin, I. N. S., San Francisco, Cal., Joseph Surreck, Regional Atty., I. N. S., San Pedro, Cal., William D. Keller, U. S. Atty., John E. Nordin, Frederick M. Brosio, Jr., Asst. U. S. Attys., George K. Rosenberg, Dist. Director, I.N.S. Los Angeles, Cal., for respondent.

AMENDED OPINION

Before CHAMBERS and WRIGHT, Circuit Judges, and CURTIS,[1] District Judge.

PER CURIAM:

The determination by the Immigration and Naturalization Service that Carlota La Madrid-Peraza was deportable for a material misrepresentation in the proceedings whereunder she obtained her visa to enter the country to take a domestic job is reversed.

At the deportation hearing the Special Inquiry Officer found that petitioner's application for a labor certificate overstated the wages she was to receive from her prospective job, and ruled that

---

[1]. The Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation.

this constituted a material misrepresentation that invalidated the labor certificate and the visa.

In Chaunt v. United States, 364 U.S. 350, 81 S.Ct. 147, 5 L.Ed.2d 120 (1960), the Supreme Court held that in order to denaturalize a citizen on the basis of a misrepresentation or concealment of facts in his naturalization petition, the Government must prove that if the truth had been disclosed, it would have warranted denial of citizenship. In United States v. Rossi, 299 F.2d 650 (9th Cir. 1962), we followed the Supreme Court's rationale in Chaunt,[2] and held that a fact suppressed or misstated is not material to an alien's entry unless the truth would have justified a refusal to issue a visa.

At the time the deportation order was made the regulations as reflected in 29 C.F.R., § 60.5, provided in part:

> "Certifications issued pursuant to this part are invalid if the representations upon which they are based are incorrect. . . ."

In 1971, this regulation was amended and revised to read as follows:

> "29 C.F.R. § 60.5(g)
>
> Certifications issued pursuant to this part are invalid if the representations upon which they are based are materially incorrect. Materially incorrect for the purposes of this paragraph means that if the correct facts had been known, a certification could not have been issued pursuant to the requirements set forth at section 212(a)(14) of the Immigration and Nationality Act."

Although this amendment came after the deportation order was made the revision and amendments of the regulation were preceded by a note from the Secretary of Labor indicating that the amendments and revision were "[I]n large part . . . a clarification and restatement of existing procedures and policies." 36 F.R. 2462 (1971).

Another section of these regulations, in effect since July, 1967 (32 F.R. 10932

(1967)), provides that prospective employment offered at less than the prevailing rate for American workers similarly situated is deemed to adversely affect wages and working conditions of American workers within the meaning of § 212(a)(14) of the Act. 29 C.F.R. § 60.6(a). Under this regulation the petitioner could not have been issued a labor certificate if in fact her prospective job paid less than the prevailing rate.

Although the Government offered ample evidence that the petitioner's application misstated the wages to be paid, there is no evidence in the record to show that the amount that she actually received was below the prevailing wage rates in the Los Angeles area for live-in domestics.

The order of deportation is reversed.

---

2. Although Chaunt and Rossi involved denaturalization proceedings, their rationale is forceful here, where the severe remedy of deportation is the issue.