MATTER OF ONYEDIRIA

In Deportation Proceedings

A-19701496
A-20607204

*Decided by Board July 25, 1974*

Respondents, who failed to depart within the time initially granted to depart voluntarily, subsequently filed a motion to reopen seeking a new grant of voluntary departure. The Board of Immigration Appeals has jurisdiction to grant the form of relief sought; however, in the absence of respondents' demonstration of any compelling reason or circumstance for their failure to depart within the period of time initially granted, the motion is denied.

CHARGES:

Order:   Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to maintain status (male respondent)
Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted (female respondent)
Lodged: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer (male respondent)

ON BEHALF OF RESPONDENTS:   Martin Held, Esquire
1725 K Street, N.W.
Washington, D. C. 20036

The alien respondents, husband and wife, are natives of Nigeria. In decisions dated June 6, 1973, the respondents were found deportable by an immigration judge as nonimmigrants who had remained beyond the authorized length of their stays. They were accorded the privilege of voluntary departure; however, they failed to depart from the United States within the period of time authorized by the immigration judge. They subsequently filed a motion to reopen the proceedings, seeking forms of relief over which neither the Board nor the immigration judge has jurisdiction. The immigration judge denied that motion, and, in an order dated April 30, 1974, we dismissed the respondents' appeal from that denial. The respondents have submitted a second motion seeking reopening. The motion will be denied.

The present motion requests reopening for the purpose of permitting the respondents to apply for a new grant of voluntary departure. The

motion is accompanied by a partially completed brief whose preparation was evidently begun in connection with the respondents' earlier motion to reopen. The respondents have not directly attempted to justify or to explain their failure to take advantage of the immigration judge's initial grant of voluntary departure.

The respondents are not seeking an *extension* of voluntary departure, a request which could not properly be entertained by an immigration judge. See *Matter of Albano*, 13 I. & N. Dec. 59 (BIA 1968); *Matter of Wong*, 13 I. & N. Dec. 258 (BIA 1969). Instead, they desire a *new grant* of voluntary departure. An immigration judge does possess the power to make such a grant, although the departure period must be set by a district director. *Matter of Yeung*, 13 I. & N. Dec. 528 (BIA 1970). Accordingly, we do have jurisdiction to grant the form of relief which the respondents presently seek.

However, in order to warrant a new grant of voluntary departure, an alien must demonstrate the existence of compelling reasons or circumstances for his failure to depart within the time originally allotted. Were we to require less justification on the part of an alien, there would be little motivation for the alien to depart promptly and the result would be additional delay in the deportation process. See *Fan Wan Keung* v. *INS*, 434 F.2d 301 (C.A. 2, 1970); *Matter of Arao*, 13 I. & N. Dec. 156, at 159 (BIA 1969).

The respondents have not shown any compelling reasons or circumstances for their failure to depart within the period of time initially authorized by the immigration judge. They have failed to make out a *prima facie* case for reopening these proceedings. The motion will be denied.

**ORDER:** The motion is denied.