## MATTER OF OZCAN

### In Deportation Proceedings

### A–20062639

*Decided by Board May 16, 1975*

(1) Where the applicant for adjustment of status under section 245 of the Immigration and Nationality Act, misstated or at least materially overstated his qualifications as a diesel mechanic on his application for a labor certification a favorable exercise of discretion to grant permanent residence status was not warranted.

(2) An immigration judge may set the time for voluntary departure at the time of his initial decision; at a reopened hearing the judge may grant voluntary departure anew, however the period of departure may then only be set by the District Director.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—After admission as a nonimmigrant under section 101(a)(15)—failed to comply with the conditions of such status.

ON BEHALF OF RESPONDENT:                ON BEHALF OF SERVICE:
Pro se                                  Paul C. Vincent, Esquire
                                        Appellate Trial Attorney

This is an appeal from a decision of an immigration judge dated February 8, 1974, denying the respondent's application for adjustment of status which was submitted at a reopened hearing. The appeal will be dismissed.

The respondent is a 34-year-old married male alien who is a native and citizen of Turkey. He entered the United States as a nonimmigrant visitor for pleasure on May 25, 1973. On August 21, 1973, the respondent was found deportable under section 241(a)(9) of the Immigration and Nationality Act as an alien who had failed to maintain his nonimmigrant status. He was granted sixty days voluntary departure time. No appeal was taken from that decision. Thereafter, the respondent's motion to reopen to permit him to apply for adjustment of status was granted.

The respondent predicates his application for adjustment of status on a claim that a visa is immediately available to him as a nonpreference immigrant. The respondent has submitted an approved labor certification as a diesel mechanic.

301

The immigration judge denied the application on the ground that the respondent was statutorily ineligible for adjustment of status in that he had misrepresented his work experience in obtaining his labor certification. He also found that the application should be denied in the exercise of discretion.

There is at least some question that the respondent's statements on his application for a labor certification amount to a material misrepresentation. See 29 CFR 60.5(g). Cf. *La Madrid–Peraza* v. *INS*, 492 F. 2d 1297 (C.A. 9, 1974). However, we need not resolve that issue since we agree with the immigration judge that adjustment of status should be denied in the exercise of discretion.

The respondent has submitted, in connection with his application for a labor certification, a letter of reference showing that he worked as a diesel mechanic for nearly five years, from 1959 to 1964. He admitted that he had obtained this letter subsequent to obtaining his visa, but prior to his departure from Turkey. The immigration judge properly inferred that the respondent obtained this letter to assist him in locating a job in the United States and thereby circumvent the normal visa issuing procedure. The respondent's explanation of why he brought this letter with him to the United States is not persuasive. He claims that he intended to use this letter to obtain employment when he returned to Turkey.

The immigration judge found also that the respondent's claim that he had been employed as a mechanic from 1959 to 1964 to be doubtful. The respondent was unable to recall the name of his employer or the dates of employment when asked for this information by the immigration judge. Finally, the immigration judge found that the respondent has misstated, or at least overstated, his qualifications as a diesel motor repairman. The respondent has admitted at the reopened hearing, that contrary to the statements made on his application for a labor certification, he had not been self-employed as a diesel repairman from 1964 to 1973, but had instead worked on his own farm. The respondent claims that he did not make such a statement, but only intended to state that he had repaired diesel engines while running his own farm. Nonetheless, this information appears over the respondent's signature.

Balanced against these unfavorable factors, the respondent has shown no factors in his favor. His wife and child remain in Turkey. The respondent's only relatives in the United States appear to be his sister, who is a lawful permanent resident, and her husband. We thus agree with the immigration judge that a favorable exercise of discretion is not warranted in this case. The appeal will therefore be dismissed.

The immigration judge granted the respondent 28 days additional voluntary departure time, notwithstanding that the respondent had failed to depart when previously granted voluntary departure. An im-

migration judge may set the time for voluntary departure at the time of his initial decision, but extension may be granted only by the district director.[1] The immigration judge however, may grant voluntary departure anew. *Matter of Onyedibia,* 15 I. & N. Dec. 37 (BIA 1974); *Matter of Yeung,* 13 I. & N. Dec. 528 (BIA 1970). Where there is a new grant, the time and conditions of departure are to be set by the district director. Thus the immigration judge here had only the power to grant the respondent voluntary departure anew. Accordingly, we shall modify the immigration judge's order by treating it as a new grant of voluntary departure, but directing that the time and conditions of departure be set by the district director.

**ORDER:** The appeal is dismissed.

*Further order:* The respondent is permitted to depart the United States voluntarily at such time and under such circumstances as the district director may direct; and in the event of failure so to depart he shall be deported as provided in the immigration judge's order.

---

[1] See 8 CFR 244.2

303