## MATTER OF BAROCIO

In Deportation Proceedings

A–23060078
A–23060080

*Decided by Board August 8, 1985*

(1) An alien who has violated a lawful order of deportation by failing to report to the Immigration and Naturalization Service following notification that his deportation has been scheduled does not merit the favorable exercise of discretion required for reopening of deportation proceedings.

(2) Notice of a decision of the Board of Immigration Appeals sent to an alien's attorney of record constitutes notice to the alien.

(3) The unsupported claim that the respondents' failure to depart voluntarily was due to their unawareness of the Board's decision does not demonstrate a compelling reason to warrant reinstatement of voluntary departure where the record reflects that notice of the decision was sent to counsel.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection (both respondents)

ON BEHALF OF RESPONDENTS:
Daniel E. Chavez, Esquire
615 Sansome Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
Leonard A. Rosenberg
Assistant District Counsel

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated June 28, 1983, the immigration judge found the respondents deportable, denied their applications for suspension of deportation, and granted them the privilege of voluntary departure in lieu of deportation. On August 28, 1984, the respondents' appeal from that decision was dismissed by the Board which granted them a 30-day extension of their voluntary departure period. The respondents failed to depart voluntarily within that time. No petition for review of the Board's order was filed. Notice to report for deportation was sent to the respondents on March 1, 1985, but they failed to appear on April 1, 1985, as required. Their requests for a stay of deportation were denied by the district director on

March 27, 1985, and by the Board on April 1, 1985. On March 29, 1985, the respondents filed a motion to reopen their deportation proceedings in order to request reinstatement of voluntary departure. The Immigration and Naturalization Service opposes the motion. The motion to reopen will be denied.

The respondents, husband and wife, are natives and citizens of Mexico. The record reflects that they last entered the United States without inspection, the female respondent on January 15, 1976, and the male respondent on May 9, 1981. The respondents have three United States citizen children.

In requesting reinstatement of voluntary departure, the respondents note that the male respondent has a nonpreference priority date of December 8, 1976, and that his brother has applied for naturalization. They claim that they are now willing to return to Mexico to wait for a visa based on their anticipated fifth-preference classification. The respondents therefore contend that voluntary departure should be reinstated for humanitarian reasons. They further allege that they were unaware of the 30-day voluntary departure period granted to them by the Board and that they believed a petition for review would be filed by their attorney.

The Service bases its opposition to the motion on the fact that the respondents are presently in abscondee status, having failed to report for deportation on April 1, 1985. In support of its position, the Service has submitted return receipts signed by both the male respondent and the office of his prior attorney which verify that they received the notice to report. In addition, evidence has been presented establishing the Service's unsuccessful efforts to locate the respondents for deportation through investigations at their last known address, the male respondent's last known place of employment, the postal service, the California Department of Motor Vehicles, and the local gas and telephone companies. The Service contends that the respondents do not merit discretionary relief because they are fugitives who have unlawfully evaded deportation. It is further argued that the respondents have not shown any compelling reasons for their failure to depart within the time originally granted for voluntary departure as required for reinstatement of that privilege.

The decision whether to grant a motion to reopen deportation proceedings is a matter within the discretion of this Board. See INS v. Rios-Pineda, 471 U.S. 444 (1985); INS v. Phinpathya, 464 U.S. 183 (1984); INS v. Wang, 450 U.S. 139 (1981). When the Board determines that reopening is not warranted in the exercise of discretion, the question of statutory eligibility for the requested relief need not be considered. See INS v. Bagamasbad, 429 U.S. 24 (1976); LeB-

*lanc* v. *INS*, 715 F.2d 685 (1st Cir. 1983); *Agustin* v. *INS*, 700 F.2d 564 (9th Cir. 1983); *Hibbert* v. *INS*, 554 F.2d 17 (2d Cir. 1977). Furthermore, even if prima facie eligibility has been established, the Board may deny a motion to reopen for purely discretionary reasons where the record reflects that significant grounds exist for denying reopening based on the respondent's actions. *See INS* v. *Rios-Pineda, supra; Ahwazi* v. *INS*, 751 F.2d 1120 (9th Cir. 1985); *Balani* v. *INS*, 669 F.2d 1157 (6th Cir. 1982); *Matter of Reyes*, 18 I&N Dec. 249 (BIA 1982); *Matter of Rodriguez-Vera*, 17 I&N Dec. 105 (BIA 1979).

The respondents in this case were ordered to report for deportation, having failed to depart voluntarily pursuant to the privilege previously accorded them. Although they now seek reinstatement of that privilege, they have also refused to report for deportation pursuant to the notice which was sent to them by the Service. Such deliberate flouting of the immigration laws has been considered a very serious adverse factor which warrants the denial of a motion to reopen deportation proceedings as a matter of discretion. *See Mortazavi* v. *INS*, 719 F.2d 86 (4th Cir. 1983); *Pang Kiu Fung* v. *INS*, 663 F.2d 417 (2d Cir. 1981); *see also INS* v. *Rios-Pineda, supra.*

It has long been recognized that the incentives for an alien to voluntarily depart from the United States or to submit to a deportation order are abated by the availability of procedures which provide a seemingly endless opportunity to seek relief from deportation. *See INS* v. *Rios-Pineda, supra; Riasati* v. *INS*, 738 F.2d 1115 (10th Cir. 1984); *Fan Wan Keung* v. *INS*, 434 F.2d 301 (2d Cir. 1970); *Matter of Yeung*, 13 I&N Dec. 528 (BIA 1970). The prevalent misuse of the procedures for reopening by many aliens and the resultant delays in their deportation have been the subject of much comment by the courts. *See Reid* v. *INS*, 766 F.2d 113 (3d Cir. 1985); *Dallo* v. *INS*, 765 F.2d 581 (6th Cir. 1985); *Bonilla* v. *INS*, 711 F.2d 43 (5th Cir. 1983); *Muigai* v. *INS*, 682 F.2d 334 (2d Cir. 1982); *Der-Rong Chour* v. *INS*, 578 F.2d 464 (2d Cir. 1978); *Acevedo* v. *INS*, 538 F.2d 918 (2d Cir. 1976). This problem was recently acknowledged in *INS* v. *Wang, supra,* where the Supreme Court noted the necessity of according to the Board wide discretion to determine what circumstances warrant reopening of proceedings. Quoting from a dissent by Judge Wallace of the United States Court of Appeals for the Ninth Circuit, the Court observed as follows:

If INS discretion is to mean anything, it must be that the INS has some latitude in deciding when to reopen a case. The INS should have the right to be restrictive. Granting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case. It will also waste the time and efforts of

immigration judges called upon to preside at hearings automatically required by the prima facie allegations.

*INS* v. *Wang, supra,* at 143 n.5 (quoting *Villena* v. *INS,* 622 F.2d 1352, 1362 (9th Cir. 1980) (en banc) (Wallace, J., dissenting). This Board is cognizant of the opportunities for abuse of the motion process and of the fact that further violation of the immigration laws by other aliens is only encouraged when those who disregard an order to report for deportation are subsequently afforded the privilege of reopening proceedings to seek discretionary relief. *See generally Matter of Yeung, supra; Matter of D-F-,* 4 I&N Dec. 589 (BIA, A.G. 1952). We therefore conclude that an alien who has violated a lawful order of deportation by failing to report to the Service following notification that his deportation has been scheduled does not merit the favorable exercise of discretion required for reopening of deportation proceedings.[1]

Inasmuch as the respondents have chosen to disregard the order of deportation against them by refusing to report on their appointed date of departure, their motion to reopen will be denied as a matter of discretion. The respondents have indicated by their actions that they are willing to make an appearance only if their motion is granted and they obtain the relief they seek. Under these circumstances, we decline to reward their disdain for the law by exercising our discretion to reopen proceedings. We make this determination after having considered the substantial equities that are present in this case.

Although we need not address the issue of the respondents' eligibility for reinstatement of voluntary departure, we note our concurrence with the Service's position that a prima facie showing of such eligibility has not been established. In order to warrant a new

---

[1] In *Molinaro* v. *New Jersey,* 396 U.S. 365 (1970), the Supreme Court declined to review the appeal of a convicted defendant who had failed to surrender himself to state authorities following his conviction. The Court held that the defendant's actions disentitled him to call upon the resources of the Court for a determination of his claims. The United States Court of Appeals for the Third Circuit followed this reasoning in refusing to entertain an appeal from an alien who had failed to report to immigration authorities for deportation. *Arana* v. *United States INS,* 673 F.2d 75 (3d Cir. 1982). The court noted in that case that there was nothing in the record to indicate that the alien would make himself available for deportation if his claims on appeal were rejected. *Id.* at 77. Other courts have also refused in their discretion to hear appeals taken as a matter of right where the litigant had indicated that he was willing to abide by the court's decree only if it was favorable. *United States* v. *Swigart,* 490 F.2d 914 (10th Cir. 1973); *Johnson* v. *Laird,* 432 F.2d 77 (9th Cir. 1970). Since the decision whether to grant a motion to reopen deportation proceedings is a discretionary one, we find that it is even more appropriate for the Board to deny reopening to aliens who flout the immigration laws by failing to appear when ordered to report for deportation.

grant of voluntary departure, an alien must demonstrate the existence of compelling reasons or circumstances for his failure to depart within the time originally allotted. *Ahwazi* v. *INS, supra; Riasati* v. *INS, supra; Matter of Onyedibia,* 15 I&N Dec. 37 (BIA 1974); *see also Matter of M-,* 4 I&N Dec. 626 (BIA 1952). The respondents have not shown that any such reasons or circumstances exist. No affidavits have been submitted to support their allegations that they were unaware of the Board's order extending the immigration judge's grant of voluntary departure for 30 days. Furthermore, their claimed belief that a petition for review would be filed is inconsistent with their purported ignorance of the Board's decision. In any case, the record reflects that our decision was mailed to the respondents' attorney of record who was authorized to represent them at that time. *See* 8 C.F.R. § 292.4(a) (1984). Such notice to their attorney constitutes notice of the decision to the respondents. *See* 8 C.F.R. § 292.5(a) (1985). We therefore find no merit to their contentions in this regard.

Accordingly, the respondents' motion to reopen will be denied.

**ORDER:** The motion to reopen is denied.