105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pablo ICABALCETA-GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70835.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Decided Dec. 30, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, I & NS No. Arj-xwk-nbo.
 INS
 REVIEW DENIED.
 Before: WOOD,* SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo A. Icabalceta-Garcia ("Icabalceta"), a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen deportation proceedings. In his motion, Icabalceta sought suspension of deportation under Section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition.
 
 
 3
 In 1988, Icabalceta entered the United States without inspection and was placed in deportation proceedings. He admitted deportability but applied for asylum and withholding of deportation, claiming that his life would be endangered by returning to Nicaragua. The Immigration Judge denied him relief and granted him voluntary departure until October 1991, with an alternative order of deportation if Icabalceta failed to depart from the United States by that date. Icabalceta appealed to the BIA. The BIA dismissed the appeal. Icabalceta did not depart voluntarily. He also failed to appear for deportation at the place and time set by the Immigration and Naturalization Service ("Service"). In 1995, Icabalceta filed a motion to reopen proceedings to apply for suspension of deportation. By then, he had resided continuously in the United States for seven years, as required by 8 U.S.C. § 1254(a)(1). The BIA denied his motion.
 
 ANALYSIS
 
 4
 Icabalceta contends that the BIA abused its discretion when it read Matter of Barocio, 19 I & N Dec. 255 (BIA 1985) as precluding its exercise of discretion in favor of Icabalceta simply because Icabalceta had failed to surrender for deportation.
 
 
 5
 Our decision is controlled by Sequeira-Solano, No. 95-70834, decided today, where we held that the BIA did not abuse its discretion in materially similar circumstances.
 
 
 6
 Alternatively, Icabalceta asks us to hold that because the record contains no certified mail receipt evidencing that the Service complied with its notice requirements regarding the date and time of surrender, "the [BIA] had no basis to find that [Icabalceta] wrongly failed to appear for deportation." Notably, Icabalceta does not argue that he did not receive such notice, but only that the Service was not able to show proof that it sent the notice by certified mail. The BIA properly found that "[t]he evidence of record reflects that [Icabalceta] was notified of the arrangements made for his deportation, and was sent a 'bag and baggage' letter[.]" Nothing in the record contradicts this determination by the BIA.
 
 
 7
 Petition DENIED.
 
 
 
 *
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3