110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Felipe Arnoldo MONJARREZ-VANEGAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70933.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1997.*
Decided March 21, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Awy-wku-eiu.
 BIA
 REVIEW DENIED.
 Before: CHOY, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner seeks review of a final order of deportation issued against him by the Board of Immigration Appeals ("BIA"). The Board denied petitioner's motion to reopen the proceedings where it denied his applications for asylum and withholding of deportation. Petitioner sought reopening in order to apply for suspension of deportation under 8 U.S.C. § 1254.
 
 I. Facts
 
 3
 On March 30, 1984, the Immigration and Naturalization Service ("INS") issued an order to show cause against the petitioner charging that he was subject to deportation as an alien who had entered the country without inspection in violation of 8 U.S.C. § 151(a)(2). On February 24, 1988 the petitioner appeared before the immigration court in Los Angeles and admitted the allegations in the order to show cause, conceded deportability and declined to designate a country of deportation. Petitioner was represented by an attorney at that hearing. The court granted a continuance in the proceedings to allow the petitioner time to file a motion for change of venue because he was moving from Southern California to Atlanta, Georgia.
 
 
 4
 Petitioner next appeared before an immigration judge on June 8, 1988 in Atlanta, where he was represented by a new attorney, George Handlesman. In September 1988, the petitioner moved again, this time from Atlanta to San Francisco. The court granted another continuance to allow the petitioner to file an asylum application. In November, 1988, the Atlanta immigration court denied petitioner's applications for asylum and withholding of deportation. He was ordered deported to his home country of Nicaragua.
 
 
 5
 Petitioner appealed, and on September 7, 1990 the BIA affirmed the immigration judge's decision and dismissed the appeal. That decision was sent to Handlesman, petitioner's counsel of record. Two months later, the INS issued a "bag and baggage" letter instructing petitioner to report for deportation. The INS sent the letter to petitioner's last know address, that of his cousin, but petitioner failed to respond.
 
 
 6
 In December 1992, over seven years after issuance of the order to show cause and two years after denial of his appeal, the petitioner obtained new counsel and filed a Freedom of Information Act request to ascertain the outcome of his appeal to the BIA. Although he learned that his appeal had been denied, he did not act until August 31, 1993, when he filed a form designating a new attorney as his counsel of record. On April 29, 1994, the petitioner filed a motion to reopen proceedings with the BIA, seeking to file an application for suspension of deportation.[1] On November 22, 1995 the BIA denied his motion to reopen his case and this petition for review followed.
 
 II. Analysis
 
 7
 1. The BIA Did Not Abuse Its Discretion in Refusing to Reopen Petitioner's Case.
 
 
 8
 The BIA based its decision not to reopen petitioner's case on his failure to appear for deportation when he was ordered to do so. The BIA did not abuse its discretion in refusing to reopen petitioner's case after he failed to report for deportation. See Sequeira-Solano v. INS, No. 95-70834 at 60 (9th Cir. Jan. 6, 1997) (holding that failure to surrender for deportation is a factor, but not a per se rule, "militating against reopening of deportation proceedings.") (citing Matter of Barocio, 19 I. & N. Dec. 255 (BIA 1985)). As in Sequeira-Solano, "[t]he BIA considered all of the relevant circumstances ... and decided that a favorable exercise of its discretion in this case was not warranted." Id.
 
 
 9
 2. Mailing of the BIA's Decision to Petitioner's Attorney Complied With Legal Requirements.
 
 
 10
 Petitioner also argues that the INS erroneously failed to update him on the status of his appeal after he changed addresses, and thus, he should not be penalized for his failure to appear. Although Petitioner may not have personally received the information, the INS complied with service requirements by notifying petitioner's attorney. The administrative record in this case contains a letter which was sent to petitioner's attorney informing him of the BIA's decision. See 8 C.F.R. § 292.5(a) (stating that whenever notice or service is required it may be given to the attorney of record). Blame for the petitioner's failure to communicate with his counsel cannot be imputed to the INS.
 
 
 11
 Petitioner also contends that 8 U.S.C. § 1252b(e)(3)'s notice requirement barred the BIA from holding him accountable for his failure to appear. However, the BIA rejected the Petitioner's motion to reopen under 8 U.S.C. § 1254(a), determining that relief would be inappropriate as a matter of discretion. Consequently, § 1252b(e)(3)'s notice requirement was irrelevant to the decision.
 
 
 12
 3. Mailing of the "Bag and Baggage" Letter to Petitioner's Last Known Address was Proper when Petitioner Failed to Notify INS of Change in Writing.
 
 
 13
 Petitioner also correctly points out that the INS sent the "bag and baggage" to his cousin's address after he informed them of his change of his address. However, petitioner failed to comply with INS requirements because he did not file a written change of address. See 8 U.S.C. § 1252b(a)(1)(F)(ii) ("[T]he alien must provide the Attorney General with a written record of any change of the alien's address or telephone number."). Consequently, petitioner cannot object to service of the "bag and baggage" letter at his last known address.
 
 
 14
 Petition for review DENIED.
 
 
 15
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner contends that he originally filed the motion with the immigration court in August 1993 and that it was not forwarded to the Board. This claim does not affect our analysis