**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leslie Charles COHEN, Defendant–Appellant.**

**No. 02–10289.**

**D.C. No. CR–01–00099–JAT.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 12, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM**

Leslie Charles Cohen appeals his jury trial conviction and 33–month sentence for re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

First, Cohen contends that the trial court erred by denying his motion to dismiss the indictment as duplicitous. However, any ambiguity in the indictment was cured when the government elected to rely only on one offense in the count and the jury was instructed only on that distinct offense. *See United States v. Ramirez–*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Martinez,* 273 F.3d 903, 915 (9th Cir.2001), *cert. denied,* —— U.S. ——, 123 S.Ct. 330, 154 L.Ed.2d 226 (2002).

Second, Cohen contends that his due process rights were violated when he was improperly deported. We disagree. Under any interpretation of the procedural history at his prior deportation proceedings, Cohen failed to demonstrate that there was a stay of deportation in effect when he was deported. Accordingly, we conclude that he has not shown any due process violation or resulting prejudice. *See United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir.2000).

Third, Cohen argues that because his prior convictions for mail and bank fraud were not considered aggravated felonies at the time of these convictions, he should not have been sentenced as an aggravated felon in this case. This contention is foreclosed by *United States v. Maria–Gonzalez,* 268 F.3d 664, 669–70 (9th Cir.2001), *cert. denied,* 535 U.S. 965, 122 S.Ct. 1382, 152 L.Ed.2d 373 (2002) (holding that the expanded definition of "aggravated felony" applies when the § 1326 violation occurs after the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act).

Fourth, Cohen contends that the court erred by enhancing his sentence because the statutes of conviction were not stated in the pre-sentence report (PSR). Although the statutes were not stated in the PSR, the trial court had Cohen's prior judgment of conviction in the record which did include the statutes for mail and bank fraud. *Cf. United States v. Corona–Sanchez,* 291 F.3d 1201, 1206 (9th Cir.2002) (en banc) ("[T]he sentencing court and the appellate court [must] be certain of the specific statutory sections under which the defendant previously was convicted[, o]th-

erwise, it is impossible to determine the statutory definition of the prior offense.") (internal quotation omitted).

Cohen also raises claims of ineffective assistance of counsel. However, because the record is not sufficiently developed, we decline to address them. *See United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000) (declining in general to address ineffective assistance claims as inappropriate on direct appeal).

We have considered the remainder of Cohen's contentions and find them to be without merit.

**AFFIRMED.**