Leslie Charles COHEN, Petitioner—Appellant,

v.

Michael CHERTOFF; et al., Respondents—Appellees.

No. 06–15534.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2007.*

Filed May 28, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**612**

Leslie Charles Cohen, Youngstown, OH, pro se.

Before: SKOPIL, FERGUSON, and LEAVY, Circuit Judges.

### MEMORANDUM **

Leslie Cohen appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition, through which he sought vacature of a Bureau of Immigration and Customs Enforcement ("ICE") detainer and the 2001 order reinstating his 1996 order of removal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cohen alleges that ICE violated 8 U.S.C. § 1231(a)(4)(A) by failing to remove him in 2003, when he was placed into ICE custody while awaiting trial on the charges for which he is currently imprisoned. Cohen's claim is barred by the plain language of the statute, as Congress has explicitly stated that there is no right of action under that provision. 8 U.S.C. § 1231(a)(4)(D).

Cohen next seeks to challenge the 2001 reinstatement of his 1996 removal order. The district court correctly held that it had no jurisdiction to consider the validity of the reinstatement order in a habeas petition, as the proper vehicle for a challenge to a reinstatement order is a petition for review filed directly with this Court. *See Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir.2001) (*abrogated on other grounds by Fernandez–Vargas v. Gonzales*, 548

U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006)). Even if review were appropriate, our recent en banc decision in *Morales–Izquierdo v. Gonzales*, 486 F.3d 484, 495, 496 (9th Cir.2007) (en banc), forecloses Cohen's due process argument as well as his claim that 8 C.F.R. § 241.8 is ultra vires to 8 U.S.C. § 1229(a).

Cohen also challenges the 1996 removal order itself. He contends that the Immigration Court lacked jurisdiction over his case, as it was stayed under 8 C.F.R. § 3.6(a) (1995) pending resolution of an interlocutory appeal he filed with the BIA. Section 3.6 is properly read to provide for an automatic stay pending appeal of a final order of removal, not an interlocutory appeal.[1] Cohen similarly argues that he was unlawfully deported at a time when his deportation was stayed under 8 U.S.C. § 1105a(a)(3) (1994). This Court has already determined that there was no stay of deportation in effect when Cohen was deported, and we are bound by that determination. *United States v. Cohen*, 55 Fed. Appx. 852 (9th Cir.2003).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The BIA considers interlocutory appeals in exceptional cases only. *Matter of Ku*, 15 I. & N. Dec. 712, 713 (B.I.A.1976); *Matter of Sacco*, 15 I. & N. Dec. 109, 110 (B.I.A.1974).

Because the BIA declined to hear Cohen's interlocutory appeal, we do not reach the issue of whether 8 C.F.R. § 3.6(a) would automatically stay the proceedings in the rare case where the BIA does accept jurisdiction over an interlocutory appeal.