# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2010

Lyle W. Cayce
Clerk

No. 09-60754
Summary Calendar

YIHWA CHEN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A072 406 872

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Yihwa Chen, a native and citizen of China, petitions for review of a final order of the Board of Immigration Appeals (BIA), dismissing his appeal from the Immigration Judge's (IJ) denial of his motion to reopen his deportation proceedings.

Chen failed to appear for his deportation hearing in January 1993 and was ordered deported *in absentia*. He filed a motion to reopen in November 2007.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In claiming the BIA abused its discretion in denying his motion to rescind the *in absentia* deportation order, Chen contends the BIA erred in finding he received sufficient notice of the hearing date.  The denial of a motion to reopen is reviewed under a highly deferential abuse-of-discretion standard and  "must [be] affirm[ed] . . . as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).  Although questions of law are reviewed *de novo*, factual findings are reviewed "under the substantial-evidence test, meaning that this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion".  *Id.* (citing  *Chun v. INS*, 115 F.3d 299, 302 (5th Cir. 1997)).

Because Chen was placed in deportation proceedings in 1992, prior to the 1 April 1997 effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, his proceedings remain subject to the provisions of former 8 U.S.C. § 1252b.  In that regard, a deportation order entered *in absentia* could be rescinded upon a motion to reopen filed at any time "if the alien demonstrate[d] that the alien did not receive notice in accordance with subsection (a)(2) of [that] section . . . ." 8 U.S.C. § 1252b(c)(3)(B).

The BIA found that Chen had received notice, based on his counsel of record being present at the hearing in 1993.  Chen does *not* challenge this factual finding.  Instead, he maintains there is no showing in the record that the hearing notice was sent. The focus of the rescission inquiry, however, is not on whether there is evidence the notice was sent but on actual receipt.  *Gomez-Palacios*, 560 F.3d at 360.  The BIA's finding that notice was given, based on counsel's appearance at the hearing, is supported by substantial evidence.  *See id.* at 361.

Applying the law to this fact, the BIA determined that notice to counsel constituted notice to Chen.  The BIA did not err in its application of law.  *See In re Barocio*, 19 I. & N. Dec. 255, 259 (BIA 1985) (stating notice to attorney

2

constitutes notice to alien); *see also* 8 C.F.R. § 292.5(a) (when a person is represented by an attorney of record, any required notice shall be given to the attorney of record). Chen does not challenge the BIA's application of law. Therefore, the BIA did not abuse its discretion in dismissing Chen's appeal from the IJ's decision denying Chen's motion to reopen. *See Gomez-Palacios*, 560 F.3d at 361.

Chen also claims the BIA erred in finding that his motion to reopen for the purpose of applying for adjustment of status was untimely. He contends that, because he was erroneously ordered deported *in absentia* due to lack of notice of the hearing, there was no time limit applicable to his motion to reopen.

Because substantial evidence supported the BIA's finding that Chen received such notice, Chen's contention that there was no applicable time limit on his motion to reopen based on lack of notice of the hearing is without merit. Along that line, the BIA concluded that his motion to reopen for the purpose of applying for adjustment of status was time-barred because it was filed more than 90 days after the entry of the deportation order, citing 8 C.F.R. § 1003.23(b)(1) and *In re M-S*, 22 I. & N. Dec. 349 (BIA 1998).

Chen does not challenge the BIA's alternative reason for denying the motion to reopen to adjust status: that Chen had not filed an application for adjustment of status with his motion to reopen. By failing to do so, Chen has abandoned that issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (treating issues not raised and briefed as abandoned).

DENIED.