NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

APR 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EULALIA MATEO-DIEGO;
D. P-M.,

               Petitioners,

  v.

PAMELA BONDI, Attorney General,

               Respondent.

No.   23-955

Agency Nos.
A203-495-792
A203-495-793

MEMORANDUM[*]

On Petition for Review of a Final Order of the
Board of Immigration Appeals

Submitted April 9, 2025[**]
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE,[***] District Judge.

Eulalia Mateo-Diego and her minor son, natives and citizens of Guatemala,

("Petitioners") petition for review of a final order of the Board of Immigration

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Appeals ("BIA") dismissing their appeal of the order of the Immigration Judge ("IJ") that denied their motion to reissue a February 14, 2020 order deeming their applications for relief abandoned, and denying their motion to remand. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA adopts and affirms the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), and provides "its own review of the evidence and law," this court reviews both decisions. *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). The parties agree that our review is for abuse of discretion. *See Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010); *see also Coyt v. Holder*, 593 F.3d 902, 904 n.1 (9th Cir. 2010) ("A motion to reissue is treated as a motion to reopen." (quoting *Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007))). Accordingly, this court reverses "only if [the BIA] acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

The BIA did not abuse its discretion by dismissing Petitioners' appeal of the IJ's denial of their motion to reissue and by denying their motion to remand.[1] This is because Petitioners failed to demonstrate non-receipt of the IJ's February 14,

---

[1] Because Petitioners' motion for remand was based on the same rationale as their motion to reissue, the BIA denied remand for the same reasons it dismissed Petitioners' appeal.

2

2020 order.

First, the BIA and the IJ noted that Petitioners' counsel opted in to the eROP electronic records system, which shows service of the IJ's February 14, 2020 decision on February 20, 2020 to the email address listed on counsel's entry of appearance. Notice to Petitioners' counsel constitutes notice to Petitioners. *See* 8 C.F.R. § 292.5(a) (providing that whenever an individual must be provided notice, such notice shall be provided to the attorney of record); *see also Matter of Barocio*, 19 I. & N. Dec. 255, 259 (BIA 1985) ("[N]otice to their attorney constitutes notice of the decision to the respondents."). The BIA noted that there is no indication that the email was returned as undeliverable, and that Petitioners' counsel did not so argue on appeal.

Second, the record reflects Petitioners' concession that they received notice of the February 14, 2020 decision on August 6, 2020, when their counsel called the immigration hotline. However, as noted by the BIA, Petitioners' counsel did not file their motion to reissue until more than two months later, on October 16, 2020. Under these circumstances, the BIA did not act "arbitrarily, irrationally, or contrary to law," *Mohammed*, 400 F.3d at 791, by concluding that Petitioners failed to demonstrate non-receipt of the IJ's February 14, 2020 order and therefore dismissing Petitioners' appeal of the IJ's denial of their motion to reissue and

denying their motion to remand.[2]

**PETITION DENIED.**[3]

---

[2] Petitioners do not challenge the BIA's decision not to exercise its authority to reopen proceedings *sua sponte*.

[3] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal (Dkt. Entry No. 3) is otherwise denied.