GOVERNMENT OF the VIRGIN ISLANDS

v.

John Winston JAMES, Appellant.

No. 79–1903.

United States Court of Appeals, Third Circuit.

Argued on Appellee's Brief Only April 22, 1980.

Decided May 20, 1980.

John Winston James, pro se.

Hugh P. Mabe, III (argued), Asst. U. S. Atty., St. Thomas, V. I., for appellee.

George H. T. Dudley, Jr., St. Thomas, V. I., for appellant.*

Before ADAMS, MARIS and SLOVITER, Circuit Judges.

---

* George Dudley, Jr., Esquire was relieved as counsel on December 17, 1979 after filing a brief pursuant to *Anders v. California*, 368 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from a final judgment of the District Court of the Virgin Islands in a criminal case denying the defendant's motion for a new trial. The threshold issue posed is whether we should adjudicate the appeal despite the defendant's escape "from the restraints placed upon him pursuant to the conviction." *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 498, 24 L.Ed.2d 586 (1970) (per curiam).

The appellant, John Winston James, was charged with two counts of rape in the first degree and one count of first degree burglary. V. I. Code Ann. tit. 14, §§ 1701(2) and 442(4). At his arraignment, James pleaded not guilty and demanded a jury trial. During the week immediately prior to the trial, and contrary to the written advice of his counsel, he waived his right to a jury trial. The district court accepted the waiver.

Trial was held on May 7, 1979. The court found James guilty of one count of first degree rape and one count of first degree burglary. The second rape count was dismissed. James filed a pro se motion for a new trial. The district court denied the motion, and sentenced James to seven and one-half years confinement on each count to be served concurrently. James filed a timely notice of appeal. On October 22, 1979, while he was being transferred from his place of incarceration at Golden Grove in St. Croix to Fort Christian in St. Thomas, James escaped.

After concluding that the appeal was without merit, James' counsel filed an *Anders* brief with this Court on November 14, 1979 and requested leave to withdraw as appellate counsel. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). As required by *Anders*, the brief included an analysis of the colorably appealable issues. Counsel served the *Anders* brief, by mailing it to James at his

last known address, together with advice that James had the right to file a supplemental brief on the merits by December 31. On February 14, 1980, the prosecution advised the Clerk of this Court that James continued to be a fugitive from justice and that no pro se brief had been received. When the case was called for oral argument, the Court was advised that James remained a fugitive.

Under *Molinaro*, we are authorized to dismiss James' appeal in view of the fact that he illegally left the custody of the Court and continues to remain a fugitive from justice. In *Molinaro*, the Supreme Court dismissed the appeal of an appellant who was free on bail and failed to surrender himself to state authorities. His bail was subsequently revoked, and the Court held that the merits of a criminal case should not be reviewed where the convicted defendant "escapes from the restraints placed upon him pursuant to the conviction." 396 U.S. at 366, 90 S.Ct. at 498. The Court reasoned:

> While such an escape does not strip the case of its character as an adjudicable case or controversy we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. In the absence of specific provision to the contrary in the statute under which Molinaro appeals, 28 U.S.C. § 1257(2), we conclude, in light of the *Smith* and *Bonahan* decisions, that the Court has the authority[1] to dismiss the appeal on this ground. *The dismissal need not await the end of the Term or the expiration of a fixed period of time, but should take place at this time.*

*Id.* (emphasis added).

Inasmuch as there is no statutory provision to the contrary governing this case, we believe it appropriate to follow the procedure employed in *Molinaro* and to dismiss the appeal without considering the merits of the issues presented in the *Anders* brief. Accordingly, an order dismissing the appeal will be entered.

---

1. In *Smith v. United States,* 94 U.S. 97, 24 L.Ed. 32 (1876), and *Bonahan v. Nebraska,* 125 U.S. 692, 8 S.Ct. 1390, 31 L.Ed. 854 (1887), the Court, upon learning that plaintiff in error had escaped custody, ordered the case removed from the docket.