## UNITED STATES of America

v.

## Eric Michael WRIGHT, Appellant.

### No. 89–3621.

United States Court of Appeals, Third Circuit.

Argued April 24, 1990.

Decided May 14, 1990.

Rehearing Denied June 7, 1990.

Melody M. Walcott (argued), Federal Public Defender, Christiansted, St. Croix, for appellant.

James A. Hurd, Jr. (argued), Office of U.S. Atty., Charlotte Amalie, St. Thomas, for appellee.

Before: SLOVITER, STAPLETON and HUTCHINSON, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

This appeal has been filed on behalf of Eric Michael Wright challenging the judgment of conviction and sentence entered by the District Court of the Virgin Islands. Wright, who was arrested on or about April 11, 1989, in Miami, Florida, was released on personal recognizance. He was thereafter charged in the Virgin Islands in an information with interstate transportation of stolen property, in violation of 18 U.S.C. § 2314, and with possession of stolen property, in violation of 18 U.S.C. § 2315.

At trial before the district court, the government contended that Wright had stolen a thirty-seven foot yacht in St. Thomas and sailed it to the island of Bequia in the Grenadines. Trial began on August 17, 1989. The government case rested on the testimony of the boat's owner who identified the yacht upon its recovery and reported that its locks had been cut, that the ship's log had not been properly maintained, and that several items previously on board were missing. The government further relied on the testimony of the man who looked after the boat and first report-

---

ed it stolen; a witness who stated that he saw the defendant on board the yacht while the Coast Guard was searching for it; and a Coast Guard official who testified that the defendant was aboard the boat when it was discovered and was uncooperative with Coast Guard personnel.

Late on the first day of trial, the defense began with the direct examination of Wright. Wright testified that he had not stolen the boat; that he had been hired by Mr. and Mrs. Caldwell, whom he believed to be the owners of the boat, to sail it to the Grenadines; that he was hit on the head by a boom on the boat while sailing it; that a friend of the Caldwells gave him some needed money for expenses and joined him; and that they repainted the name of the boat as a surprise for the owners after part of the name was defaced because a dinghy rubbed against the boat's stern. He also testified he did not go through customs on stops in St. Lucia, Guadaloupe, and Martinique, and that he filled out forms in Bequia listing himself as the owner. When the boat was boarded by the St. Vincent Coast Guard, he was unable to answer questions as to the location of the Caldwells.

The following day, Wright failed to appear for the continuation of his trial. After hearing argument from counsel regarding the appropriate procedure to follow given the defendant's absence, the court granted a continuance until the morning of August 21, in order to give the appellant an opportunity to reappear.

Wright did not appear in the courtroom on August 21, and the trial continued in his absence. The defense rested, the government put forth its rebuttal witnesses, and the jury deliberated and returned a guilty verdict. Later that day, the judge held a sentencing hearing at which appellant was sentenced under the Federal Sentencing Guidelines to 30–months' incarceration, three years supervised release to begin fol-

lowing his release from prison, and a mandatory special assessment of $100.00.

This appeal followed. As far as counsel can ascertain, the appeal was filed without Wright's knowledge. Wright remains at large.

## Discussion

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. On appeal, appellant, or more accurately, appellant's counsel, contends that the district court erred in sentencing appellant *in absentia*[1] and in failing to request a presentence report, and that the evidence submitted at trial was insufficient to support the conviction.

■ The threshold question in this case is whether we should entertain the appeal of an appellant who has absconded during his trial. The government argues that Wright's appeal should be dismissed because he disappeared during his trial and still remains at large. It is without question that we have the discretion to dismiss the appeal. The Supreme Court dismissed a similar appeal in *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), explaining that:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraint placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Id.* at 366, 90 S.Ct. at 498.

Courts of Appeals have been reluctant to hear appeals of individuals who, by escaping, have shown only defiance for the judicial system. *See, e.g., Hussein v. INS*, 817 F.2d 63 (9th Cir.1986); *United States v. Holmes*, 680 F.2d 1372 (11th Cir.1982), *cert. denied*, 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983). This court had occa-

---

1. In this connection counsel argues that although Fed.R.Cr.P. 43(b) provides that the trial may continue when defendant is voluntarily absent, nothing in the Rule derogates from the provision requiring a defendant's presence at the imposition of sentence. *See* Fed.R.Cr.P. 43(a).

sion to apply *Molinaro* in *Government of the Virgin Islands v. James,* 621 F.2d 588 (3d Cir.1980) (per curiam), *Arana v. United States Immigration Service,* 673 F.2d 75 (3d Cir.1982) (per curiam), and *Feigley v. Fulcomer,* 833 F.2d 29 (3d Cir.1987). In *James,* a convicted defendant appealed from a final judgment of the District Court of the Virgin Islands. After the defendant appealed, he escaped from custody. This Court dismissed the appeal, saying, "[u]nder *Molinaro,* we are authorized to dismiss James' appeal in view of the fact that he illegally left the custody of the court and continues to remain a fugitive from justice." *Id.* at 589.

In *Arana,* the appellant appealed from a final order denying his petition for a writ of habeas corpus, and then hid his whereabouts from immigration authorities. This court dismissed the appeal, stating "[w]e believe such behavior 'disentitles [Arana from] call[ing] upon the resources of [this] court for determination of his claims.'" *Arana,* 673 F.2d at 77 (quoting *Molinaro,* 396 U.S. at 366, 90 S.Ct. at 498). In *Feigley,* relying on the Supreme Court's long-standing approval of the practice of dismissing escaped prisoners' appeals, this court held that federal habeas corpus review is unavailable where state courts have determined that a petitioner waived the right to seek post-conviction relief by escaping. 833 F.2d at 31.

Appellant contends that the dismissal of an appeal under the circumstances presented here is discretionary, not mandatory, that this court's decisions in *James, Feigley* and *Arana* are distinguishable, and that dismissal is not warranted under the circumstances. Although appellant is correct that dismissal is discretionary, *see, e.g., Hussein,* 817 F.2d at 63 (concurrence) ("[T]here is no *per se* requirement of dismissal in such cases."); *People v. Estep,* 413 Ill. 437, 109 N.E.2d 762, *cert. denied,* 345 U.S. 970, 73 S.Ct. 1112, 97 L.Ed. 1387 (1952) (dismissal is discretionary), in this case we find no reason to exercise our

discretion to hear the appeal. Our decisions in both *James* and *Arana* are practically indistinguishable from this case.[2] Appellant points out that in *James* the defendant was appealing pro se and absconded only after a notice of appeal had been filed. He suggests that these facts contributed to the court's decision to dismiss the appeal and that because they are not present here dismissal is not appropriate. However, the facts of this case present a more compelling basis for dismissal than those of *James.* Given that Wright disappeared even before his trial reached a conclusion, combined with the probability that the appellant is unaware that this appeal is pending, dismissal is warranted. We do not foreclose a decision by another panel of this court, in an appropriate case, to exercise its discretion to entertain the appeal of an appellant who has absconded.

■ We will therefore dismiss Wright's appeal. Although some courts of appeals have dismissed appeals in similar circumstances conditionally, subject to reinstatement if petitioner surrenders or is apprehended within a specified time, *see, e.g., United States v. Shelton,* 508 F.2d 797 (5th Cir.), *cert. denied,* 423 U.S. 828, 96 S.Ct. 45, 46 L.Ed.2d 44 (1975); *United States v. Eberhardt,* 467 F.2d 578 (5th Cir.1972); *contra Holmes,* 680 F.2d at 1372 (dismissing the appeal with prejudice, barring the escapee from ever bringing an appeal), that has not been our practice and we will not depart from our precedent today. *But cf. Ali v. Sims,* 788 F.2d 954 (3d Cir.1986) (dismissing with prejudice appeal in prisoner's civil action filed under 42 U.S.C. § 1983 after appellant prisoner absconded).

Nor do we decide at this time what action this court may take should Wright move to reinstate his appeal if he surrenders or is apprehended. *Compare Estrada v. United States,* 585 F.2d 742 (5th Cir.1978) (appeal will not be reinstated without showing of good cause) *and Commonwealth v. Hurley,* 391 Mass. 76, 461 N.E.2d 754

---

**2.** Our decision in *Feigley* is distinguishable. There we recognized that the dismissal of an escapee's post-conviction claim, a disposition which was mandated by Pennsylvania law, could act as a procedural bar to federal habeas corpus proceedings. In this direct appeal, there is no statute which would mandate any particular disposition.

(1984) (appeal will be reinstated if appellant's claims are meritorious and state's case will not be prejudiced by delay) *with Holmes,* 680 F.2d at 1373 (distinguishing between waiver of the right to appeal from conviction and from alleged errors in sentencing).

### Conclusion

For the foregoing reasons, we will dismiss the appeal.