**IMG-248** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3997
_____

LUIS MARIN,
                                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                          Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A29 923 181)
Immigration Judge:  Honorable Annie Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2010
Before: SLOVITER, JORDAN AND GREENBERG, Circuit Judges

(Opinion filed: July 8, 2010)
_____

OPINION
_____

PER CURIAM

       Luis Marin petitions for review of a Board of Immigration Appeals ("BIA")

decision dismissing his appeal of an Immigration Judge's ("IJ") decision denying his

applications for relief from removal.  We will deny the petition for review.

Marin is a native and citizen of Guatemala who came to the United States in 1992. He applied for asylum in 1993. Marin filed another application in 1996, which was referred to the Immigration Court. Although the reason for the delay in Marin's administrative proceedings is unclear, a notice to appear was issued in 2006 charging that Marin is subject to removal because he is present in the United States without having been admitted or paroled. Through counsel, Marin conceded that he is removable as charged. The IJ considered his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Marin testified that he came to the United States in 1992 because he had received death threats. Marin explained that he joined the civil patrol of the Guatemalan army during the civil war and guarded a town against guerilla groups. After two days, Marin deserted the civil patrol because assassinations were taking place. Marin learned that a person who had refused to join the civil patrol was found dead. As a result, he moved to another town and found a job.[1]

Marin further testified that, shortly after he moved, three guerrillas kidnapped him and held him for two weeks. Marin promised the guerillas that he would work for them so that they would release him. After his release, Marin came to the United States. Marin testified that he fears returning to Guatemala because he knows two people who came to the United States after having deserted the civil patrol who were murdered when they

[1] Marin also testified that many years earlier two of his uncles were tricked into joining the guerillas and the army killed them. Although the IJ stated that the family moved to another town after this incident, it is unclear from the record whether the family, or only Marin's father, moved at that time. See A.R. at 226.

voluntarily returned to Guatemala. Marin also testified that his family has told him not to return because anonymous people call them and ask when he will be back. In addition, Marin stated that former guerilla leaders are now members of the police, that they are corrupt, and that he believes they will assassinate him.

The IJ stated that she was unable to find Marin's claim credible because he had not presented corroborative evidence. Applying our decision in Abdulai v. Ashcroft, 239 F.3d 542 (3d Cir. 2001), the IJ stated that Marin should have presented evidence corroborating his testimony that his parents have received threatening telephone calls over the last fifteen years. The IJ explained that such evidence was important to establish that the threats occurred and were continuing, and that it was reasonable to expect such evidence, noting that Marin's father visits him here annually. Marin did not explain why his father could not have corroborated the threats.

The IJ further found that Marin should have corroborated the deaths, or the circumstances surrounding the deaths, of the two men who Marin testified had deserted the civil patrol and were killed when they returned to Guatemala. The IJ explained that such evidence was material because Marin testified that he fears returning to Guatemala based on a belief that he is similarly situated to them. Marin conceded that he could have gotten their death records or contacted their families, but he did not do so. The IJ found that Marin had not provided a reasonable explanation for this failure.

The IJ also stated that she could not accept Marin's claim that he would be prosecuted or persecuted for having deserted the military during the civil war. Noting

3

that the civil war had ended, the IJ stated that Marin did not provide evidence of country conditions supporting his claim. Although Marin argued that the government is corrupt and that the police take action against people they might remember to be enemies, the IJ found no evidence showing that people who deserted the civil patrol are identifiable or being subjected to harm.

The IJ further concluded that Marin did not suffer past persecution when guerillas kidnapped him because such harm was not on account of a protected ground, but was the result of the guerillas' aim to fill their ranks. The IJ also found no evidence supporting a well-founded fear of persecution by the guerillas based on his departure after they released him. Marin testified that former guerilla leaders are now members of the police, but the IJ found no evidence that the police have harmed people who did not cooperate with the guerillas during the civil war.

Noting that the passage of time was detrimental to Marin's claim that his fears were reasonable or well-founded, the IJ denied his applications for asylum, withholding of removal, and CAT relief and granted voluntary departure. The BIA affirmed, without opinion, the result of the IJ's decision, making that decision the final agency determination. The BIA also granted voluntary departure. This petition for review followed.[2]

We must first address the Government's motions to dismiss the petition for review

---

[2]Marin does not challenge the rejection of his CAT claim in his brief and he has thus waived this claim. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

4

for lack of jurisdiction, which have been referred to us for disposition.[3] The Government argues by motion and in its brief that we lack jurisdiction over the petition for review because Marin did not raise in his appeal to the BIA an argument that the IJ erred in concluding that he did not provide sufficient evidence to meet his burden of proof. The Government contends that Marin failed to exhaust his administrative remedies. The Government further argues that Marin does not raise this issue in his brief and that, in the alternative, we should deny the petition for review based on his waiver. These arguments lack merit.

In his appeal to the BIA, Marin challenged the IJ's conclusion that he does not have a well-founded fear of persecution, relying on his testimony and the background evidence. Marin raises the same issue in his brief in this Court. Marin has exhausted his administrative remedies as to this argument and we have jurisdiction to entertain it. We are not deprived of jurisdiction by Marin's failure to address the IJ's conclusion that he did not provide sufficient supporting evidence. Marin's petition for review may be unsuccessful due to that failure, but we do not lack jurisdiction.[4] Similarly, while Marin may have waived review of the IJ's decision on supporting evidence by not raising an argument in his brief, he has not waived review of the issues presented in his brief. Thus,

---

[3]The Government incorrectly states in its brief that the Court denied its motion to dismiss for failure to exhaust administrative remedies. See 6/23/09 Order.

[4]Had Marin attempted to raise the issue in his brief here, despite his failure to exhaust, we would have lacked jurisdiction to consider the argument, pursuant to 8 U.S.C. § 1252(d). However, as noted above, he has not raised the issue here.

5

the Government's motion to dismiss is denied.[5]

On the merits, Marin argues in his brief that the IJ erred as a matter of law in determining that he does not have a well-founded fear of persecution based on his experiences in Guatemala. Marin, however, fails to address the IJ's decision or point to evidence establishing that he has a well-founded fear of persecution based on his desertion of the civil patrol or his escape from the guerillas in 1992. Marin has not shown that the IJ erred.

Marin further contends that the IJ improperly decided that he does not have a well-founded fear of persecution in light of the "continuing situation" in Guatemala. Marin states that the country reports reflect that the Guatemalan government is unable to protect people who have been threatened in the past and that he has a well-founded fear of persecution based on the wide-spread abuses of power in Guatemala. The IJ indicated that problems of police corruption may occur in Guatemala, but found no evidence supporting the conclusion that Marin had a well-founded fear of persecution based on his desertion of the army or his departure from the country after release by the guerillas. Marin has not shown that the evidence compels a contrary conclusion. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001) (setting forth substantial evidence standard of review applicable to findings of fact).

---

[5]The Government's motion to dismiss the petition for review under the fugitive disentitlement doctrine is also denied. The Government's assertion that we lack jurisdiction to entertain the petition on this basis is incorrect; the decision whether to apply the doctrine is discretionary. United States v. Wright, 902 F.2d 241, 243 (3d Cir. 1990). Because the Government has not shown that the doctrine applies to the facts of this case, we decline to dismiss the petition for review.

Finally, Marin argues that he was singled out based on the fact that his uncles were involved with the liberation movements in Guatemala during the civil war. Marin states that he was "hunted" because of his association with his uncles and that he fled Guatemala because of the political opinion imputed to him by the Guatemalan government. Marin, however, did not claim at his hearing before the IJ that he fled Guatemala for this reason. He testified that he left the country because he feared the guerillas from whom he escaped and the army that he deserted.[6]

Substantial evidence supports the IJ's decision that Marin did not satisfy his burden of proof for asylum or withholding of removal. Accordingly, we will deny the petition for review.

---

[6]Marin did submit an asylum application in 1996 asserting that he and his family were threatened by guerillas who sought information about his "cousins." A.R. at 231-32. However, this application, which was prepared by an apparently unscrupulous notary, was superceded by a statement filed by his attorney. See A.R. at 118-21.