**Isidoro M. ARANA, Appellant,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE.**

**No. 81–2047.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Feb. 18, 1982.

Decided March 8, 1982.

Rehearing and Rehearing In Banc Denied April 16, 1982.

V. Pinnock Bailey, II, Philadelphia, Pa., for appellant.

Peter F. Vaira, Jr., U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, Appellate Sec., Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before ADAMS and SLOVITER, Circuit Judges, and STERN, District Judge.*

## OPINION OF THE COURT

PER CURIAM.

Isidoro M. Arana appeals from a final order of the district court denying his petition for habeas corpus. As an initial matter, we must decide whether to entertain an appeal from an individual, such as Arana, who is subject to an order of deportation but who has hidden his whereabouts from immigration authorities and this Court and has failed to comply with an order and a bench warrant issued by the district court.

The record indicates that Arana was declared deportable by an Immigration Judge in September 1979, and granted the right of voluntary departure, which subsequently was extended until March 6, 1981. On March 20, 1981, the Immigration and Naturalization Service (INS) ordered Arana to report for deportation on April 6, 1981. It is unclear from the record whether Arana received notification of this order since, according to the Government, he had moved from his last-known address without informing the INS of his whereabouts, as required by law. At any rate, on April 6, 1981, a petition for habeas corpus was filed by Arana's attorney with the district court seeking a stay of Arana's deportation. In response to Arana's request, a temporary stay of the INS order was issued by the district court on that date so that the district court could consider the petition for habeas. After reviewing the administrative record, the district judge denied the petition for habeas and ordered Arana to report for deportation, since the April 6 date of deportation had now passed. When Arana did not report to the INS, the Government returned to the district court and sought a bench warrant for Arana's arrest, in view of his "fail[ure] to report as ordered by the Court." That same day, May 22, 1981, the district judge granted the Government's motion and ordered that a bench warrant issue for the arrest of Arana.

According to the briefs filed with this Court, to date Arana has neither complied with the district court's order nor has he been located by federal authorities.[1] On

---

* Hon. Herbert J. Stern, United States District Judge for the District of New Jersey, sitting by designation.

1. Counsel for appellant contends that the district court was without authority either to order Arana to report for deportation or to issue a bench warrant for his arrest. We need not decide either issue, although we note that under the rule of *Walker v. City of Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967) and *Bethlehem Mines Corp. v. United Mine Workers of America*, 476 F.2d 860 (3d Cir. 1973), appellant would appear to be foreclosed from attacking the validity of the bench warrant until he in fact complies with it.

this appeal, therefore, the Government argues that Arana "should be foreclosed from further pursuing this matter" so long as he refuses to make known his whereabouts. Inasmuch as Arana's counsel has not disputed the fact that Arana cannot now be located, we agree.

In *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (per curiam), the Supreme Court dismissed the appeal of an individual who failed to surrender himself to state authorities after his bail had been revoked. In declining to adjudicate the case of a "fugitive from justice," the Court concluded that a person who "escapes from the restraints placed upon him" pursuant to a conviction "disentitles [himself from] call[ing] upon the resources of the Court for determination of his claims," *id.* at 365–66. Following *Molinaro*, this Court dismissed the appeal of a convicted escapee who remained at large at the time of oral argument on his appeal. *Government of Virgin Islands v. James*, 621 F.2d 588 (3d Cir. 1980) (per curiam). *See also United States v. Swigart*, 490 F.2d 914, 915 (10th Cir. 1973) ("any court has the inherent discretion to refuse to hear the claim of a litigant who is willing to comply with that court's decree only if it is favorable").

We believe that *Molinaro, James,* and *Swigart* provide sufficient authorization for dismissal of this appeal.[2] There is nothing in the record, nor in the presentation by counsel for Arana, to indicate that Arana would make himself available to immigration officials were we to entertain his appeal and affirm the district court's denial of

habeas relief. Rather than disclosing his whereabouts and, at the same time, applying for a stay of deportation, the appellant apparently has decided to conceal himself from this Court, the district court, and the INS—presumably to appear only if a judgment favorable to his cause is entered. We believe such behavior "disentitles [Arana from] call[ing] upon the resources of [this] Court for determination of his claims," *Molinaro*, 396 U.S. at 366, 90 S.Ct. at 498. Accordingly, an order dismissing this appeal will be entered.

### SUR PETITION FOR REHEARING

#### EN BANC

Before SEITZ, Chief Judge, ALDISERT, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER and BECKER, Circuit Judges, and STERN, District Judge.*

The petition for rehearing filed by Appellant in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.[1]

---

**2.** Although *Molinaro* did not involve an immigration-related appeal, nothing in the Supreme Court's opinion suggests that the rule announced there is applicable only in the criminal-law context. If anything—given the plethora of constitutional and statutory procedural protections that are afforded to criminal defendants but not made available to individuals subjected to administrative deportation proceedings, *see, e.g., Abel v. United States*, 362 U.S. 217, 237, 80 S.Ct. 683, 696, 4 L.Ed.2d 668 (1960)—a court might exercise greater caution in dismissing the appeal of a convicted party who has escaped than of a potential deportee who has absconded.

---

* Hon. Herbert J. Stern, U.S. District Judge for the District of New Jersey, sitting by designation.

1. In the petition for rehearing filed with this Court, counsel for Arana contended that "[a] motion for stay of deportation [was] filed with the Third Circuit Court of Appeals on May 28, 1981," and that the request for a stay "was denied." In response to an inquiry by the Court, counsel for Arana acknowledged, in a letter dated April 5, 1982, that a motion for a stay of deportation pending appeal was never presented to this Court on Arana's behalf.