# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2801

_____

| | | |
|---|---|---|
| Ngozi Beatrice Nnebedum, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the |
| | * | Board of Immigration Appeals. |
| Alberto Gonzales, Attorney General | * | |
| of the United States of America, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: November 7, 2006
Filed: November 14, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ngozi Beatrice Nnebedum petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motions to reopen and reconsider the BIA's earlier decision affirming the immigration judge's (IJ's) removal order, which denied her requests for asylum, withholding or cancellation of removal, and relief under the Convention Against Torture. In support of her petition, Nnebedum argues that she is eligible for asylum based upon past persecution; that the IJ violated her due process rights by refusing to allow her children to testify at the merits hearing regarding her past persecution; and that the BIA abused its discretion in denying as untimely and numerically barred motions characterized as successive motions to reopen.

Respondent opposes the petition on the merits and additionally moves to dismiss the petition under the fugitive disentitlement doctrine.

To begin, we deny respondent's motion to dismiss the petition. Nothing in the record suggests that Nnebedum is hiding from authorities or cannot be located, and thus we do not consider her to be a fugitive. Cf. Antonio-Martinez v. INS, 317 F.3d 1089, 1092-93 (9th Cir. 2003) (applying fugitive disentitlement doctrine where neither petitioner's counsel nor INS could locate him; explaining that prospect of disentitlement "provides a strong incentive to maintain contact with the INS and counsel"); Arana v. INS, 673 F.2d 75, 76-77 (3d Cir. 1982) (per curiam) (applying doctrine where petitioner concealed his whereabouts from authorities and his own counsel conceded he could not be located).

We hold that we lack jurisdiction to review the denial of asylum because Nnebedum did not timely petition for review of the BIA's decision affirming the IJ's removal order. See 8 U.S.C. § 1252(b)(1) (petition for review must be filed no later than 30 days after date of final order of removal); Stone v. INS, 514 U.S. 386, 405-06 (1995) (deportation order is final and reviewable when issued, and finality is not affected by subsequent filing of motion to reconsider; court of appeals lacked jurisdiction to review deportation order where petition for review was not filed within statutory filing period).

Nnebedum did timely seek review of the BIA's denial of her motion for reconsideration, in which she raised her due process argument related to the testimony of her children. However, we hold that the BIA did not abuse its discretion in denying those motions because Nnebedum had conceded at the merits hearing that her children had no firsthand knowledge of her alleged past persecution. See Esenwah v. Ashcroft, 378 F.3d 763, 765 (8th Cir. 2004) (BIA's denial of relief on motion for reconsideration is reviewed under abuse-of-discretion standard that is considerably more deferential than ordinary standard for reviewing agency decisions; abuse of

discretion is found only when BIA's decision lacks rational explanation, departs from established policies, invidiously discriminates against particular race or group, ignores relevant factors, or distorts important aspects of claim), cert. denied, 544 U.S. 962 (2005).

Finally, we conclude that the BIA properly treated Nnebedum's motion to submit supplemental evidence (her son's I-130 petition) and related motion to remand as successive motions to reopen, and we find no abuse of discretion in the BIA's denial of those motions as untimely and numerically barred. See 8 C.F.R. § 1003.2(c) (2005) (motion for purpose of affording alien opportunity to apply for any form of discretionary relief on basis of circumstances that have arisen after hearing is motion to reopen; alien may file only one motion to reopen removal proceedings, and motion must be filed within 90 days of decision sought to be reopened; motion will be deemed motion to remand if filed while appeal is pending before BIA).

The petition for review is denied. See 8th Cir. R. 47B.

_____