**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3066
_____

YAN YUN YE,
a/k/a Zhang Jian Fen,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-809-257)
Immigration Judge:  Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2012

Before:  FUENTES, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 14, 2012)
_____

OPINION
_____

PER CURIAM

Yan Yun Ye, a citizen of the People's Republic of China, petitions for review of

the Board of Immigration Appeals' order denying her motion to remand and dismissing

her appeal of the Immigration Judge's order denying her motion to reopen. We will deny the petition for review.

Ye attempted to enter the United States on April 12, 1998, and was placed in removal proceedings. On June 3, 1998, she applied for asylum and appeared before an Immigration Judge (IJ), and on March 31, 1999, the IJ ordered Ye removed to China in absentia when she failed to appear at a scheduled hearing. Ye did not seek review, ignored the order of removal, remained in the country, married, and had two children with her husband, who is also a Chinese national.

Nearly eight years later, on March 15, 2007, Ye filed a motion to reopen her proceedings before the IJ. Under the applicable regulations, a motion to reopen "must be filed within 90 days of the date of entry of a final administrative order." 8 C.F.R. § 1003.23(b)(1). An exception exists, however, for motions to reopen "based on changed country conditions arising in the country of nationality . . ., if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." Id. § 1003.23(b)(4); see also 8 U.S.C. § 1229a(c)(7)(C)(ii). Ye argued that her motion to reopen was not time-barred because conditions had changed in the Fujian Province of China, the place to which she would be deported. Ye claimed that, if removed, she was likely to be sterilized or receive an onerous fine because she had violated China's family-planning rules by having two children.

The IJ denied this motion, and the Board of Immigration Appeals (BIA) dismissed Ye's appeal. Ye then timely filed a petition for review. We granted the petition, vacated

2

the BIA's order, and remanded the case to the BIA, holding that the BIA had neglected to show that it had considered Ye's evidence, and had thus failed to meet the standards we articulated in Zheng v. Attorney General, 549 F.3d 260 (3d Cir. 2008). See Ye v. Att'y Gen., 383 F. App'x 113, 118 (3d Cir. 2010).

On remand, Ye filed a motion to remand the case to the IJ and submitted additional evidence that she contended established changed country conditions. The BIA dismissed Ye's appeal and denied her motion to remand, holding that Ye had failed to present material evidence establishing changed country conditions.[1] Ye again filed a petition for review. She also filed a motion to stay her removal pending our review, which we granted.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), and review the agency's denial of Ye's motions — both of which, for purposes of this opinion, will be treated as motions to reopen, see Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010) (explaining that the "BIA treats a motion to remand for the purpose of submitting additional evidence in the same manner as motions to reopen the record") — for abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Motions to reopen are "plainly disfavor[ed]," because "[t]here is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases." INS v. Abudu, 485 U.S. 94, 107, 110

---

[1] In its initial decision, the BIA also held that Ye was ineligible to reopen proceedings pursuant to the fugitive-disentitlement doctrine, but did not rely on that ground in its

3

(1988).  The BIA's decision is thus entitled to "broad deference," <u>Ezeagwuna v.</u>

<u>Ashcroft</u>, 325 F.3d 396, 409 (3d Cir. 2003) (internal quotation marks omitted), and it

"will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law,"

<u>Guo v. Ashcroft</u>, 386 F.3d 556, 562 (3d Cir. 2004) (internal quotation marks omitted).

When we previously remanded Ye's petition for BIA review, we did not suggest

that the BIA had reached the wrong result; rather, we faulted the BIA for "rely[ing] on its

prior decisions without satisfying itself that Ye's evidence was in fact the same as, or

substantially similar to, the evidence rejected in [previous] cases."  <u>Ye</u>, 383 F. App'x at

118.  On remand, the BIA listed and painstakingly considered each piece of evidence of

changed country conditions that Ye had submitted.  Thus, the BIA unquestionably

complied with our requirement that it "explicitly consider [the] country conditions

evidence submitted by [Ye]."  <u>Zheng</u>, 549 F.3d at 268 (quotation omitted).

Moreover, we discern no error in the BIA's evaluation of Ye's evidence.  The BIA

concluded that the bulk of Ye's evidence — such as a Consular Information Sheet,

several State Department Country Reports, and a report from the Congressional-

Executive Commission on China — although suggesting that there had been episodic

incidents of forced sterilization in China, failed to establish that there had been a <u>change</u>

in country conditions since the time of Ye's initial hearing.  To invoke the exception to

the 90-day time limit to file a motion to reopen, it was incumbent upon Ye to show

_____

decision that is now before this Court.

4

changed country conditions, and we agree with the BIA that these documents do not help her cause.

The BIA further concluded that much of Ye's evidence was not material to her case because it concerned individuals who had not given birth overseas and then returned to China or who lived in different parts of China. The BIA's analysis of this evidence was entirely reasonable. See generally Chen v. Att'y Gen., -- F.3d ---, 2011 WL 923353, at *4 (3d Cir. Mar. 18, 2011) (ruling that substantial evidence supported IJ's conclusion that petitioners' American-born children would not be considered Chinese citizens and thus not be counted for purposes of the family-planning rules); Yuan v. Att'y Gen., 642 F.3d 420, 426 (3d Cir. 2011) (holding that substantial evidence supported BIA's determination that evidence unrelated to birth-control policies in petitioner's native province was inapposite).

The BIA further noted that many of Ye's documents were incomplete or unauthenticated. It was reasonable for the BIA to discount these documents on this basis. See Chen, 2011 WL 923353, at *4. Finally, it was not an abuse of discretion for the BIA to essentially dismiss Ye's affidavit as unreliable because it was based solely on second-hand knowledge that was not otherwise supported by the record. See Gramatikov v. INS, 128 F.3d 619, 620 (7th Cir. 1997).

Our recent decision in Chen, although arising in a different procedural posture, lends further support to the BIA's decision. In Chen, the petitioners, a married couple from the Fujian Province, sought relief because they had two U.S.-born children, and

they claimed to fear forced sterilization and economic penalties should they return to China. 2011 WL 923353, at *2. In affirming the BIA's decision and rejecting the petitioners' claims, we determined that In re H-L-H-, 25 I. & N. Dec. 209 (BIA 2010), was "persuasive[]," Chen, 2011 WL 923353, at *2, in its conclusion that "'physical coercion to achieve compliance with family planning goals is uncommon and unsanctioned by China's national laws and that the overall policy is much more heavily reliant on incentives and economic penalties,'" and that those economic penalties were not sufficiently severe to constitute persecution, id. at *3 (quoting In re H-L-H-, 25 I. & N. Dec. at 218.). That description of the family-planning policies currently in effect is entirely consistent with the description of the policies in the 1999 State Department Report, and accordingly, it was reasonable for the BIA to conclude that Ye had failed to show that the conditions in China have materially changed since her initial 1999 hearing.

In view of the record as a whole, we cannot say that BIA's review of Ye's evidence of changed country conditions was arbitrary, irrational, or contrary to law. Accordingly, we will deny Ye's petition for review. Further, the stay of removal we previously granted is vacated.